FILED'06 MAR 13 18:01 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TOMAS QUEZADA-LOPEZ,

    Defendant.

Civ No. 05-6332-AA
CR No. 04-60077-AA

OPINION AND ORDER

AIKEN, Judge:

    Defendant, appearing pro se, moves to modify his sentence pursuant to 28 U.S.C. § 2255 on grounds that he received ineffective assistance of counsel at sentencing, and that the Supreme Court's rulings in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) support reduction of his sentence.

    On June 29, 2005, defendant pled guilty two counts of eluding

1   -  OPINION AND ORDER

examination and inspection by immigration officials in violation of 8 U.S.C. § 1325(a). On the same day, the court sentenced defendant to consecutive terms of six and twenty-four months imprisonment. As part of the plea agreement, the government agreed to dismiss one count of illegal reentry in violation of 8 U.S.C. § 1326. Further, defendant agreed to waive his right to appeal or collaterally attack his conviction or sentence under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Defendant did not appeal his conviction or sentence.

Defendant maintains that his attorney misrepresented the consequences of his plea agreement and "misadvised" defendant. Further, defendant argues that counsel provided ineffective assistance at sentencing by failing to present mitigating evidence and failing to seek downward departures based on aberrant behavior, defendant's status as a deportable alien, and his fast-track agreement.

To demonstrate ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In plea proceedings, the movant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985);

2    - OPINION AND ORDER

<u>Donagiere v. United States</u>, 914 F.2d 165, 168 (9th Cir. 1990). Here, defendant fails to present any evidence that counsel's performance was deficient.

Aside from bare allegations, defendant does not explain how he was misadvised or misled regarding the consequences of his plea. During his plea and sentencing, the court confirmed that defendant understood the nature and consequences of his plea, and that he had discussed these issues with his attorney. Further, defendant fails to identify what "mitigating evidence" counsel should have presented or how such evidence would have resulted in a reduction of his sentence. Finally, under the terms of the plea agreement, petitioner agreed that he would not seek additional downward departures other than those contained in the agreement. Therefore, counsel could not have sought the downward departures identified by defendant. Accordingly, I find that defendant fails to establish either deficient performance or prejudice.

Finally, defendant's reliance on <u>Blakely</u> and <u>Booker</u> is misplaced, because defendant's sentence did not exceed the statutory maximum. <u>See</u> 8 U.S.C. § 1325(a) (prescribing maximum sentence of six months for first offense and two years for second offense). Therefore, neither <u>Blakely</u> nor <u>Booker</u> afford defendant the relief he seeks.

///
///

3    - OPINION AND ORDER

## CONCLUSION

Petitioner's Petition Under 28 U.S.C. § 2255 to Correct, Set Aside or Vacate Sentence (doc. 33) is DENIED.

IT IS SO ORDERED.

Dated this _13_ day of March, 2006.

                              _/s/ Ann Aiken_
                              Ann Aiken
                       United States District Judge